UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAYLEEN HERRERA,<br><br>       Plaintiff,<br><br>   v.<br><br>BOSTON MARKET CORPORATION,<br><br>       Defendant. | **DECLARATION IN SUPPORT OF MOTION ON CONSENT TO WITHDRAW AS COUNSEL**<br><br>Docket No. 1:20-cv-04284 |

---

  **GREGORY B. REILLY**, an attorney duly admitted to practice law in the United States District Court for the Eastern District of New York, being duly sworn deposes and states the following under the penalty of perjury:

  1. I am a Member of Bond, Schoeneck & King, PLLC ("Bond"), a law firm with an office at 600 Third Avenue, 22nd Floor, New York, New York, and the counsel of record for Defendant BOSTON MARKET CORPORATION ("Boston Market" or "Defendant") in the above-captioned case.

  2. I am fully familiar with the facts and circumstances set forth herein based on the files and materials maintained by my firm.

  3. I submit this Declaration in support of Bond's motion (the "Motion") pursuant to Rule 1.4 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York for an entry of an order (i) granting Bond leave to withdraw as counsel for Defendant Boston Market; (ii) staying the proceedings in this action for sixty (60) days, or such other time that pleases the Court, to permit Defendant the opportunity to secure and retain new counsel; and (iii) granting such other relief as the Court deems just, equitable, and proper.

## BACKGROUND AND PROCEDURAL HISTORY

4. Plaintiff commenced this action on September 14, 2020 [Dkt. 1].

5. Bond filed notices of appearance for Defendant on November 16, 2020 [Dkts. 8, 9].

6. On December 21, 2021, this action was placed on the Court's trial ready calendar.

7. On July 5, 2023, the Court scheduled an in-person pretrial conference for September 28, 2023, at 3:00 p.m.

8. Since this action was filed, Bond has diligently represented Boston Market. Despite Bond's considerable efforts expended on Defendant's behalf in this action and in other actions Defendant has failed to pay Bond's invoices for legal services since March 2022. While this matter has been largely inactive since December 2021 following the close of discovery, Bond has vigorously defended Boston Market in numerous other matters. Boston Market currently owes Bond a substantial amount in legal fees and disbursements and has failed to provide adequate assurance that it will pay Bond for any future services.

9. Moreover, beginning in May 2023, communication between Bond and Boston Market has deteriorated. Defendant has refused to substantively respond to a dozen emails, phone calls, and text messages regarding this action and other actions in which Bond represents Boston Market.

10. Accordingly, on July 11, 2023, Bond filed a motion to withdraw on behalf of Boston Market in another Eastern District case, *Thomas Fitzpatrick v. Boston Market Corporation* (1:21-cv-05868). That motion is pending.

**Boston Market's Deliberate Disregard for Bond's Attorneys' Fees**

11. In November 2022, Bond began contacting Defendant via email regarding the significant amount of legal fees owed to Bond for work performed across numerous matters. In December 2022, Boston Market's then-General Counsel, Seth Jesse, stated that he had authorized payment on the outstanding invoices but "cannot control what gets paid [ ]." Between December 2022 and the date of this filing, Bond has contacted Defendant more than twenty times via email—and numerous other times via phone calls, text messages, and certified mail—regarding payment of outstanding invoices. Bond has repeatedly informed Defendant that its continued failure to pay the outstanding invoices would require Bond to withdraw in this action and other actions.

12. On May 11, 2023, Bond sent a certified letter addressed to Frances Allen, CEO of Boston Market, and Jignesh "Jay" Pandya, CEO of Rohan Group of Companies, which controls Boston Market. The letter again requested payment for the unpaid invoices and informed Defendant that Bond would be unable to undertake further work for Defendant in this matter and other matters if Bond did not receive substantial payment by May 31, 2023. Defendant has not responded to this letter, nor made any payment on this outstanding balance.

**Deterioration of the Relationship Between Bond and Boston Market**

13. On May 23, 2023, Bond learned that its main point of contact, Boston Market's General Counsel, Seth Jesse, was no longer employed by Boston Market. Since then, Bond has attempted to contact the CEO of Rohan Companies, Mr. Pandya, repeatedly regarding this matter, specifically regarding the Court's scheduling of the pretrial conference for September.

14. On June 23, 2023 and July 10, 2023, Bond successfully connected with Mr. Pandya on his personal cell phone. Bond again explained the need for client input regarding this matter and other active lawsuits pending against Boston Market. To date, Mr. Pandya has not

substantively engaged with Bond, has not provided any client input regarding settlement or upcoming trial scheduling, and has not addressed the outstanding invoices.[1]

## RELIEF REQUESTED AND BASIS THEREFOR

15. By this Motion, Bond respectfully requests entry of an order (i) granting Bond leave to withdraw as counsel for Defendant Boston Market; (ii) staying the proceedings in this action for sixty (60) days, or such other time that pleases the Court, to permit Defendant the opportunity to secure and retain new counsel; and (iii) granting such other relief as the Court deems just, equitable, and proper.

16. Pursuant to Rule 1.4 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

17. Further, Rule 1.16(c) of the New York Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client" under certain circumstances, including when (1) "withdrawal can be accomplished without material adverse effect on the interests of the client" or (5) "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees" or (7) "the client fails to cooperate in the representation or otherwise renders the

---

[1] Bond is prepared to make a full *in camera* disclosure of these facts should that be required by the Court.

representation unreasonably difficult for the lawyer to carry out employment effectively." *See* Rules of Professional Conduct, 22 NYCRR Part 1200.

18. In deciding a motion to withdraw as counsel, courts may consider (1) the reasons for the withdrawal and (2) the impact withdrawal will have on the timing of the proceeding. *Escon Constr. Grp. Plc v. Fastenal Co.*, 583 F. Supp. 3d 381, 384 (E.D.N.Y. 2022). This Court has found withdrawal to be appropriate based on "the client's failure to communicate and cooperate," *Howard v. Contino*, No. 05-cv-1668, 2010 WL 11651762, at *1 (E.D.N.Y. June 30, 2010), and the "client's continued refusal to pay legal fees." *Team Obsolete Ltd. v. A.H.R.M.A.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006). *See also Fullsend, Inc. v. Cannafellas Grp., Inc.*, No. 22-cv-3741 (ENV)(JMW), 2023 WL 3440009, at *2 (E.D.N.Y. Apr. 19, 2023) (granting withdrawal based on material breakdown in attorney-client relationship and client's failure to pay fees).

19. Here, there has been a fundamental breakdown in communications between Bond and Defendant, resulting in irreconcilable differences between the attorney and client. Defendant has refused to substantively respond to counsel's repeated emails, phone calls, text messages, and letters for months, rendering representation in this action impossible. Moreover, Defendant has refused to make any payments to Bond since March 2022. To date, Defendant owes Bond a substantial sum in legal fees and disbursements across numerous matters.

20. There will be no material adverse impact on Defendant because no trial is yet scheduled in the matter and Defendant has sufficient time to retain separate counsel. *See Nikonov v. Flirt NY, Inc.*, No. 1:19-CV-07128 (SDA), 2021 WL 4198231, at *1 (S.D.N.Y. Sept. 14, 2021) (granting motion to withdraw following close of discovery); *Aguilar v. Kirschenbaum & Phillips, P.C.*, No. 11-CV-1085 (SJF)(WDW), 2012 WL 1744852, at *1 (E.D.N.Y. May 15, 2012) (granting

motion to withdraw following close of discovery and expiration of deadline to file joint pre-trial order due to client's refusal to communicate or participate in litigation).

21.     Bond is not asserting a retaining lien or charging lien with respect to this matter.

22.     Should the Court conclude that additional information is necessary to decide this Motion, Bond respectfully requests the opportunity to present a supplemental declaration and documents to the Court for an *in camera* review in order to protect the confidential and privileged nature of the communications between Bond and Defendant.

Dated: New York, New York
August 17, 2023

                                                                          BOND, SCHOENECK & KING, PLLC

                                                                          By: /s/ Gregory B. Reilly
                                                                          Gregory B. Reilly, Esq.
                                                                          *Attorneys for Defendant*
                                                                          600 Third Avenue, 22nd Floor
                                                                          New York, NY 10016-1915
                                                                          Telephone: (646) 253-2330
                                                                          Fax: (646) 253-2301
                                                                          greilly@bsk.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 17, 2023, I caused the foregoing Declaration in Support of Motion on Consent to Withdraw as Counsel in the matter of *Jayleen Herrera v. Boston Market Corporation*; Docket No. 1:20-cv-04284 to be served on the following persons on this date by USPS Certified Mail Return Receipt Requested :

Mr. Jignesh "Jay" Pandya
Rohan Group of Companies
14103 Denver West Parkway
Golden, Colorado 80401

Ms. Frances Allen, CEO
Boston Market Corporation
14103 Denver West Parkway
Golden, Colorado 80401

                                                                  /s/ Gregory B. Reilly
                                                                  Gregory B. Reilly